Justine Wise Polish, J.
The action for the support of a child born out of wedlock was initially instituted in 1955 in the Court of Special Sessions under article V of the New York City Criminal Courts Act. On denial of paternity, a blood-grouping test was ordered, and after a trial the defendant was adjudged the father of the child and directed to provide support.
After the child reached her sixteenth birthday on May 27, 1963, the Department of Welfare applied on September 11, 1963 to have the order of support extended under the Family Court Act. The child is attending high school and is being supported by the Department of Welfare. Counsel for the putative father contends that since the original order was made by the Court of Special Sessions under a provision of law that authorized such orders for the support of a child born out of wedlock “ until the child reaches the age of sixteen years ”, except for good cause shown, the order for support on behalf of this child expired on her sixteenth birthday and cannot be extended. Counsel argues that because the initial order was entered prior to the effective date of the new Family Court Act, its benefits cannot be extended to this child, but must be limited to those benefits in existence at the time the original order was entered.
This argument ignores or overlooks the fact that the Legislature removed all paternity proceedings pending in the Court of Special Sessions of the City of New York and transferred them to the Family Court in the counties within the City of New York under legislation that became effective on September 1, 1962.[1] Whether the procedure under the previous law should be regarded as criminal, quasi-criminal or civil, the jurisdiction of paternity or filiation proceedings was removed to a court having civil jurisdiction in accordance with the law that became effective on that date. At the same time the provision of the Domestic Relations Law (art. VIII, § 127, subd. 2) which limited the obligation of a father for support of a child until the child reached 16 years of age was repealed.[2]
In addition to the legislation transferring the jurisdiction in filiation proceedings from the Court of Special Sessions to the Family Court and repealing the section of the Domestic Relations Law defining the obligations of the fathers of children born out of wedlock, the Legislature created new substantive *526 rights to protect such children and gave exclusive jurisdiction to the Family Court for their enforcement. While the prior ¡legislation only authorized orders for support of a child until the age of 16, the new act specifically provided that the father should provide ‘ ‘ a fair and reasonable sum for the support and education of the child until the child is twenty-one.”[3]
It is inconceivable that the Legislature intended to provide that this court should restrict the application of the new law to children born out of wedlock for whom no orders had been entered prior to the effective date of the Family Court Act. To do so would create two classes of children. It would deprive thousands of children for whom orders had been made in the Court of Special Sessions of any orders for support and education beyond their sixteenth birthday, while providing such orders for those for whom actions had not been instituted in that court.
The legislative history and the act clearly indicate the recognition by the Legislature that the support of a child born out of wedlock, like the support of a child born in wedlock, should be adjudicated in the Family Court, that old cases still active should be transferred to the Family Court, and that standards of support should be created so as to provide for reasonable support and education for both groups until they are 21.
The finding of paternity by the Court of Special Sessions must be regarded as res judicata. The request for the extension 'of the order of the Court of Special Sessions must be treated not as an extension of an earlier order, but as a motion for an order for support and education under the legislation that became effective on September 1,1962. Since this date was prior to the sixteenth birthday of the child, it is not necessary to decide whether the court would have the power to initiate a new order for a child who had become 16 prior to the effective date of the new act.
No question was raised as to the ability of the father to continue support at the rate of $15 a week, and counsel waived his right to question the testimony that the child was attending school and dependent on public assistance.
Order is entered in the amount of $15 a week commencing September 11, 1963, first payment October 25, 1963 for the support and education of the child. Arrears of $75 accrued since September 11, 1963 to be paid at the rate of $5 a week commencing October 25,1963.

. L. 1962, eh. 688, §§ 2, 3.

. L. 1962, eh. 690, § 5, eff. Sept. 1, 1962.

. Family Ct. Act, art. 5, § 545.