Justine Wise Polish, J.
This petition was originally filed by the Commissioner of Welfare of the City of New York on March 1, 1957 alleging that “ B ” had given birth to an infant on March 20,1947; that such child was a charge of the City of New York, and that the respondent was the father of said child. The action was brought before the then Court of Special Sessions which found respondent was the father and entered an order of $7 weekly to be paid to the Commissioner of Welfare. Such order was entered on May 8,1957. This order was subsequently modified to $7 weekly plus $3 arrears of $521 by a Judge in the same court on May 18, 1962.
Counsel for respondent now contends that this court has no jurisdiction to enforce the arrears that accumulated on such orders since there was no formal judicial order transferring this case to the Family Court and moves for dismissal on this ground. This motion is denied. The Legislature transferred all filiation proceedings to the Family 'Court effective September 1, 1962 so that no judicial order or specific case is required. (See L. 1962, ch. 688, §■§ 2, 3; L. 1962, ch. 690, § 5; Family Ct. Act, art. 5, § 545.)
Counsel further moves to dismiss on the ground that the original order was restricted to support until the child reached his 16th birthday and that the respondent is therefore not liable for any contribution subsequent to March 20, 1963. This court has held that the legislation extending responsibility for the support of children born out of wedlock is enforceable on behalf of all such children and does not exclude children born prior to the date of such legislation, or by reason of the limitations of an initial order on their behalf. (See Matter of Anonymous v. *351 Anonymous, 40 Misc 2d 524; Matter of Anonymous v. Anonymous, 40 Misc 2d 492.) Even if this were not true in this case, the respondent appeared in the Family Court on November 4, 1963 after the infant had become 16. He waived right to counsel and consented to the extension of the order of $7 weekly plus $3 weekly on arrears. beginning November 11, 1963. Motion tó dismiss on the ground that this court had no jurisdiction after the infant’s 16th birthday is denied on both the law and the record.
Counsel further moves for dismissal on the ground that the purpose of the Family Court Act is to aid families for present and future support, and that it has no power to collect past obligations to reimburse the Department of Social Services for support. This position, if upheld, would mean that this court has no power to enforce orders of this court and would put a premium on dilatory payments to both individuals and the Department of Social Services. There is no basis in the law for such a position and it would be against public policy. The motion is denied.
Finally, counsel contends that the arrears sought by the Department of Social .Services are exaggerated. In this he is correct. The order for support for the infant terminated on his 21st birthday or when he became self-supporting, whichever came first. The record, based on payments made and on the testimony of the son '(now 23), establishes that he became self-supporting in mid-June, 1966 and that prior to that date, he was self-supporting for three months in 1963, 1964 and 1965. The arrears must be limited by the period of his dependency.
The arrears, as determined by the court records as of November 16, 1965 at $1,045, must be reduced by the periods during which he worked, totaling 39 weeks during the summers of 1963, 1964 and 1965 or by a total of $273, thus leaving a balance due to that date of $772. Subsequent to that date the order can be treated as effective only to mid-June, 1966 when the infant became self-supporting. This period of dependency constituted an additional period of 39 weeks at the rate of $7 weekly or $273. The total arrears are therefore fixed at $1,045 instead of the $3,532 arrears claimed by the Department of Social Services.
The order of support was suspended by this court on October 30, 1969. The Department of Social Services is entitled to an order for the arrears of $1,045 as found. Order is entered for payment of such arrears at the rate of $7 weekly, first payment October 19, 1970, payable to the Department of Social Services. All payments to be made through the court.